Barbour, J. (dissenting.)
This was an action, as in ejectment, to recover from the lessees thereof possession of a house on an alleged forfeiture of the term by reason of a breach of covenant to keep the premises in repair. •
The lease contains two distinct covenants in regard to repairs. By the first, the lessees undertake that they “ will keep the premises in good repair, and do all necessary repairs upon the building, and .on the gas and Croton water pipes and by the other, “ that, at the expiration of the said term, they will quit and surrender the premises in as good a state and condition as. reasonable use and wear thereof will permit, damages by the elements excepted.”
The referee has found, as matter of fact, that the buildings “ have been, and are in good repair, excepting such damages as have been caused by the reasonable use and wear thereof, and by the elements.” Upon a careful examination of the evidence, his conclusion seems to be quite correct; 'and .that decides the case. For, if the premises have been kept in good repair, except in so far as they have deteriorated by the operation, of natural causes, the stipulations of the lessees in that regard have been complied with, as it, most clearly, was the leading design and intention of the parties that the premises, should be kept in *528 repair and preserved, and returned in as good order as when received, save natural decay.' I may add that, even if that were otherwise, and the contract, taken as a whole, could well be so construed as to render it the duty of the lessees to make extraordinary repairs, beyond what might be necessary to enable the lessees to keep and return the house in as good a condition as when received, still the judgment must be upheld, inasmuch as it is impossible for the court in bank to determine from the evidence before it, whether, considering the character and condition of the house, as described in the papers, the loss of a few shingles from the roof, causing but little -or no leakage, rendered it necessary to cause any immediate repairs to be made. It is easy to see that, as to one class of buildings, such repairs would be essential, while with another, they might be almost or entirely unimportant. In this case the house was very old, and much decayed and dilapidated. Suffering a few shingles to fall from such a building, in a storm, and neglecting to replace them at once, might or might not work a breach of the covenant.
The judgment should be affirmed.
Judgment reversed.